IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES CLAIR,** | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PWG-14-713 |
| **ST. MARY'S COUNTY STATES** | * | |
| **ATTORNEYS OFFICE,** | | |
| **ATTORNEY THOMAS V. MIKE** | * | |
| **MILLER, PETER O'NEILL, and** | | |
| **ST. MARY'S COUNTY** | * | |
| **CIRCUIT COURTS,**[1] | | |
| Defendants. | * | |
| | ***** | |

## MEMORANDUM

On March 11, 2014, Plaintiff, a current resident of Chester, Maryland, filed a forty-six page fee-paid 42 U.S.C. § 1983 civil rights complaint against the State's Attorney's Office for St. Mary's County, Maryland; two private criminal defense attorneys; and the Circuit Court for St. Mary's County. The complaint is replete with legal conclusion and citations, as well as editorial comments. Affording the complaint a generous construction, Plaintiff, who is self-represented, alleges that in 2003 he was subject to an illegal conviction in the state court based upon: (1) the withholding of exculpatory evidence; (2) unconstitutional prosecution and conviction; (3) the use of a "forged confession"; and (4) ineffective assistance of counsel, who failed to (a) seek the exculpatory evidence and gain its examination by an expert, (b) challenge the forged confession, (c) file for discovery, or (d) secure a copy of the plea hearing transcripts. Compl. 1–13 & 19–24, ECF No. 1. Further, Plaintiff seemingly relies on the actual innocence exception found under Supreme Court habeas corpus law to claim that he should not be required to register under the Maryland's sex offender registry. Plaintiff additionally contends that he is

---

[1] "St. Mary's County States Attorneys Office" should be "the State's Attorney's Office for St. Mary's County's" and "St. Mary's County Circuit Courts" should be "the Circuit Court for St. Mary's County." *See* Fed. R. Evid. 201(b).

habeas-ineligible due to the fact that his sentence has expired,[2] and as such he is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1997),[3] from "challeng[ing] a wrongful conviction in a federal 1983 action lawsuit under the Fourth Circuit law in *Wilson v. Johnson*."[4]  He seeks declaratory, injunctive and compensatory relief against defendants. Compl. 40–46.

The Maryland judiciary case search website references several St. Mary's County criminal cases involving Plaintiff, the majority of which were nolle prossed between 2004 and 2006. Plaintiff appears to challenge his conviction in the case of *State v. Clair*, Criminal No.

---

[2] Plaintiff relies on the case of *Clair v. Maynard*, Civil Action No. JKB-11-1582 (D. Md.), a 28 U.S.C. § 2254 habeas corpus petition attacking his 2003 conviction. After briefing, the case was dismissed on September 23, 2011, at which time the Court concluded that Plaintiff was no longer in custody on his sentence. JKB-11-1582, ECF Nos. 10 & 11. The Fourth Circuit dismissed the appeal and denied a certificate of appealability on February 3, 2012. JKB-11-1582, ECF No. 15.

[3] In *Heck*, the Supreme Court held, with respect to actions filed pursuant to 42 U.S.C. § 1983 alleging constitutional violations and/or other improprieties in connection with state criminal charges:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87 (footnotes removed) (emphasis in original).

[4] Presumably, plaintiff is referencing *Wilson v. Johnson*, 535 F.3d 22 (4th Cir. 2008). *Wilson* indicated that *Heck* does not bar a § 1983 action where "a prisoner could not, as a practical matter, seek habeas relief." *Wilson*, 535 F.3d at 268.

18K01000065 (Circuit Court for St. Mary's County, Maryland). In that case, Plaintiff entered a guilty plea to one count of third-degree sex offense and was sentenced in January of 2003 to ten years in the Division of Correction, six years suspended, with five years of probation. *See* http://casesearch.courts.state.md.us/inquiry. The conviction was not overturned. Given that Plaintiff seeks to prove that his conviction was illegal, *see* Compl. 1–13 & 19–24, such that "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction," it appears that *Heck* would bar Plaintiff's § 1983 action in this Court. *See Heck*, 512 U.S. at 486–87.

Even assuming that *Heck* does not bar Plaintiff from bringing this civil rights action, he is precluded from filing his action against the named defendants because he cannot state a claim against any of them under 42 U.S.C. § 1983. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it." (quoting Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1357 (2d ed. 1990))). "'To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law.'" *See Allen v. Columbia Mall, Inc.*, 47 F. Supp. 2d 605, 609 (D. Md. 1999) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) (emphasis added). Neither the State's Attorney's Office for St. Mary's County nor the Circuit Court for St. Mary's County is a "person" amenable to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Brownlee v. Williams*, No. 2:07-0078 DCN RSC, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007) (noting that buildings and facilities do not qualify as persons for purposes of § 1983; citing *Allison v. California Adult Auth.,* 419 F.2d 822, 823 (9th Cir. 1969); *Preval v. Reno,* 57 F. Supp.

3

2d 307, 310 (E.D. Va. 1999); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)). Also, an individual defendant associated with a building or facility must be named specifically "to state a claim against a 'person' as required in section 1983 actions." *Id.* Further, individual prosecutors in the St. Mary's County State's Attorney's Office cannot be held liable for prosecutorial determinations. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See id.*; *Springmen v. Williams*, 122 F.3d 211, 212–13 (4th Cir. 1997); *Lyles v. Sparks*, 79 F.3d 372, 376–77 (4th Cir. 1996). Therefore, a cause of action may not rest against the State's Attorney's Office for St. Mary's County or the Circuit Court for St. Mary's County. *See Allison*, 419 F.2d at 823; *Will*, 491 U.S. at 70.

Additionally, Plaintiff must show that the named defendant was acting "under color of" state law. *See* 28 U.S.C. § 1343(a)(3)–(4); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928–30 (1982). A defense attorney, whether privately retained or court appointed, represents only his client, not the state. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Mssrs. Miller and O'Neill, as counsel for Mr. Clair, did not act "under color of" state law and are not amenable to damage liability under § 1983. *See Polk Cnty.*, 454 U.S. at 325.

For the aforementioned reasons, this action shall be dismissed. A separate Order follows.

Date:   May 21, 2014                              _____
                                                  Paul W. Grimm
                                                  United States District Judge

4