IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES CLAIR, | * | |
|    PLAINTIFF, | * | |
| v. | * | CIVIL ACTION NO. PWG-14-713 |
| ST. MARY'S COUNTY STATE'S ATTORNEY'S OFFICE, *et al.*, | * | |
| | * | |
|    DEFENDANTS. | | |
| | *** | |

## MEMORANDUM AND ORDER

### I. PENDING MOTIONS

Plaintiff Charles Clair, who is proceeding *pro se*, has filed a Motion to Reconsider Alter or Amend, with regard to this Court's May 21, 2014 Memorandum Opinion and Order, ECF Nos. 3 & 4, dismissing his Complaint. ECF No. 5.[1] In that Memorandum Opinion, I concluded that *Heck v. Humphrey*, 512 U.S. 477 (1997), appeared to bar Plaintiff's 42 U.S.C. § 1983 action in this Court and that, even if *Heck* did not bar his claims, he nonetheless could not state a claim against any of the named defendants. Mem. 3. Plaintiff insists that "'Heck' is not applicable here [because he is] not in custody, [his] sentence cannot be shortened, [and therefore] 'Heck[']' is not circumvented," and the named defendants can be held liable under § 1983. Mot. 4–8, 12.

A motion to alter or amend judgment that "call[s] into question the correctness of that order" and is filed within twenty-eight days of the judgment, such as Plaintiff's, is analyzed under Rule 59(e). *See MLC Auto., LLC v. Town of So. Pines*, 532 F.3d 269, 277–80 (4th Cir. 2008); Fed. R. Civ. P. 59(e). "Courts have recognized three limited grounds for granting a

---

[1] Plaintiff has filed various supplements to his motion. *See* ECF Nos. 6, 7, 8, 9 & 10. Defendants were not served and therefore have not responded. A hearing is not necessary. *See* Loc. R. 105.6.

motion for reconsideration under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice." *Knott v. Wedgwood*, No. DKC 13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) (citations omitted); *see Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010) (same); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (holding that Rule 59(e) provides a district court with discretion to grant a motion to amend a judgment "only in very narrow circumstances"). Viewed alone, Plaintiff's Motion to Reconsider Alter or Amend does not present any of these three bases.

Almost six months after filing his Motion to Reconsider Alter or Amend, however, Plaintiff filed a Motion for Leave to File an Amended Complaint, ECF No. 11, along with a proposed amended complaint, ECF No. 12. The motion and proposed amended complaint contain allegations absent from Plaintiff's Motion to Reconsider Alter or Amend. The proposed amended complaint names the following defendants: John Doe, Clerk of Circuit Court of St. Mary's County, MD; John Doe, Clerk of the State's Attorney's Office of St. Mary's County, MD; John Doe, Investigator and/or Administrator for the State's Attorney's Office for St. Mary's County, MD (together, the "John Does"); Attorney Thomas V. Mike Miller; and Attorney Peter O'Neill. In the amended complaint, Plaintiff has abandoned his claims against the State's Attorney's Office for St. Mary's County and the Circuit Court for St. Mary's County, but he has not pleaded facts showing that either of his defense attorneys, Mr. Miller or Mr. O'Neill, was acting under color of state law. Therefore, Plaintiff's Motion to Reconsider Alter or Amend, read in conjunction with Plaintiff's Motion for Leave to File an Amended Complaint, IS DENIED with regard to the claims against the State's Attorney's Office for St. Mary's County, the Circuit Court for St. Mary's County, Mr. Miller and Mr. O'Neill, and Plaintiff IS DENIED

leave to file an amended complaint as to the State's Attorney's Office for St. Mary's County, the Circuit Court for St. Mary's County, Mr. Miller and/or Mr. O'Neill.

Yet, in the motion to amend and within the body of his proposed amended complaint, Plaintiff now, for the first time, alleges information that significantly calls into question whether *Heck* precludes his claims, and he has substituted the John Does for the State's Attorney's Office for St. Mary's County and the Circuit Court for St. Mary's County. The John Does are individual defendants who, if not immune to suit, might be proper defendants under § 1983. Specifically, Plaintiff claims that the John Does are liable because they did not exercise discretion in failing to disclose exculpatory materials. He alleges that the "Court ordered Dept. of Social Services file, report, and Letter of Finding, declaring that the allegations and charges against Plaintiff were 'unsubstantiated,'" were delivered to the court, but the Clerk "fail[ed] to file, or properly file," them, despite a non-discretionary duty to do so. Am. Compl. 6. Plaintiff claims that the Clerk of the State's Attorney's Office also "fail[ed] to file, or properly file," these documents.[2] *Id.* at 8. And, he claims that the Investigator and/or Administrator for the State's Attorney's Office is liable for "making the administrative decision" to violate Plaintiff's constitutional rights by withholding exculpatory evidence and for "investigating whether to allow such exculpatory evidence to be included in the case file, as well as investigating whether the . . . alleged confession . . . was authentic or falsified." *Id.* at 10. In his view, these actions are "investigative and/or administrative," as opposed to "advocacy," which he argues does not begin until the documents "get[] handed to an attorney to use to prosecute," and therefore the investigator and administrator are not protected by prosecutorial immunity. *Id.* at 11.

---

[2] I read Plaintiff's claim to state that the Clerk for the State's Attorney's Office failed to file the documents properly, not that the Clerk failed to file them at all, as he states that these documents "were delivered to the Circuit Court on February 1, 2001." Am. Compl. 8.

Contrary to Plaintiff's assertion, *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976), does not hold that prosecutorial immunity does not extend to individuals performing investigative or administrative functions. Rather, *Imbler* holds specifically that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983," while explicitly refraining from "consider[ing] whether like or similar reasons require immunity for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Id.* Indeed, the Court "expressly stated that 'the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom,' and are nonetheless entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) (quoting *Imbler*, 424 U.S. at 431 n.33). Moreover, the Supreme Court more recently has held that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity," and specifically that "[t]hose acts must include the professional evaluation of the evidence assembled by the police." *Id.* at 273. Here, Plaintiff's claim against John Doe, Investigator and/or Administrator for the State's Attorney's Office for St. Mary's County, hinges on the Investigator and/or Administrator's act of evaluating and excluding evidence. Consequently, Plaintiff fails to state a claim as to the Investigator and/or Administrator, and amendment to add the Investigator and/or Administrator as a defendant would be futile.

As for the John Doe Clerks, the Fourth Circuit has held that "there is no basis for sheltering the clerk from liability under section 1983 for failure to perform a required ministerial act such as properly filing papers," because "the clerk has no discretion that merits insulation by

a grant of absolute immunity; the act is mandatory." *McCray v. Maryland*, 456 F.2d 1, 4 (4th Cir. 1972). Consequently, "[i]f the clerk has a defense that he was acting pursuant to his lawful authority or following an order of the court, that defense must be raised and established before the complaint can properly be dismissed or judgment entered for the defendant." *Id.* at 5. Accordingly, it appears that Plaintiff has articulated a cause of action against John Doe, Clerk of the Circuit Court for St. Mary's County, and John Doe, Clerk of the State's Attorney's Office for St. Mary's County, and amendment to add John Doe, Clerk of Circuit Court of St. Mary's County, MD, and John Doe, Clerk of the State's Attorney's Office of St. Mary's County, MD as defendants would not be futile. Therefore, Plaintiff's Motion to Reconsider Alter or Amend and his Motion for Leave to File an Amended Complaint, read collectively, ARE GRANTED IN PART as to those two defendants. Plaintiff's case is not dismissed as to John Doe, Clerk of Circuit Court of St. Mary's County, MD, and John Doe, Clerk of the State's Attorney's Office of St. Mary's County, MD, and Plaintiff's proposed amended complaint is accepted as the operative complaint in this case. Pursuant to Local Rule 103.6(a), "an additional copy of the amended pleading need not be filed." But, in keeping with this ruling, Defendants John Doe, Investigator and/or Administrator for the State's Attorney's Office for St. Mary's County, Mr. Miller, and Mr. O'Neill shall be struck from the Amended Complaint. John Doe, Clerk of Circuit Court of St. Mary's County, MD, and John Doe, Clerk of the State's Attorney's Office of St. Mary's County, MD are the only remaining defendants, and the case caption shall be changed to reflect the proper defendants.

    **II.**    **SERVICE**

Plaintiff filed his Complaint with the full filing fee, and therefore Plaintiff bears the responsibility for effecting service of process on Defendants. Plaintiff may effectuate service by

presenting summons to the Clerk for signature and seal and then serving a copy of the summons and Complaint on Defendants. Plaintiff has not provided summons to the Clerk for the remaining John Doe defendants. Pursuant to Fed. R. Civ. P. 4(c)(2), service of a summons and Complaint may be effected by any person who is not a party and who is at least 18 years of age. Plaintiff is reminded that under Fed. R. Civ. P. 4(*l*), the person effecting service of the summons and Complaint must promptly notify the Court,[3] through an affidavit, that he or she has served Defendants.

If there is no record that service was effected on Defendants, Plaintiff risks dismissal of this case. Pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a., if a party demanding affirmative relief has not effected service of process within 120 days of filing the Complaint, the Court may enter an order asking the party to show cause why the claims should not be dismissed. If the party fails to show cause within the time as set by the Court, the Complaint shall be dismissed without prejudice.

Accordingly, it is this  22nd  day of January, 2015, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion to Reconsider Alter or Amend, ECF No. 5, IS GRANTED IN PART AND DENIED IN PART;

2. Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 11, IS GRANTED IN PART AND DENIED IN PART;

3. The Motion to Reconsider Alter or Amend IS DENIED with regard to the claims against the State's Attorney's Office for St. Mary's County, the Circuit Court for St.

---

[3] If Plaintiff does not use a private process server, and instead uses certified mail, restricted delivery, return receipt requested, to make service, Plaintiff must file with the Clerk the United States Post Office acknowledgment as proof of service.

Mary's County, Mr. Miller and Mr. O'Neill;

4. Plaintiff IS DENIED leave to file an amended complaint as to the State's Attorney's Office for St. Mary's County, the Circuit Court for St. Mary's County, John Doe, Investigator and/or Administrator for the State's Attorney's Office for St. Mary's County, Mr. Miller and/or Mr. O'Neill;

5. The Motion to Reconsider Alter or Amend and the Motion for Leave to File an Amended Complaint, read collectively, ARE GRANTED as to John Doe, Clerk of Circuit Court of St. Mary's County, MD, and John Doe, Clerk of the State's Attorney's Office of St. Mary's County, MD.  Plaintiff's case is not dismissed as to John Doe, Clerk of Circuit Court of St. Mary's County, MD, and John Doe, Clerk of the State's Attorney's Office of St. Mary's County, MD, and Plaintiff's proposed amended complaint is accepted as the operative complaint in this case;

6. Defendants John Doe, Investigator and/or Administrator for the State's Attorney's Office for St. Mary's County, Mr. Miller, and Mr. O'Neill SHALL BE STRUCK from the Amended Complaint.  John Doe, Clerk of Circuit Court of St. Mary's County, MD, and John Doe, Clerk of the State's Attorney's Office of St. Mary's County, MD are the only remaining defendants, and the case caption SHALL BE CHANGED to reflect the proper defendants;

7. The Clerk TAKE ALL NECESSARY STEPS to prepare and issue summons and to return summons to Plaintiff.  If service copies of the Amended Complaint were provided, the Clerk SHALL RETURN them to the Plaintiff;

8. Although Plaintiff will serve the same Amended Complaint that he filed, Plaintiff IS DIRECTED TO SERVE *only* John Doe, Clerk of Circuit Court of St. Mary's County,

MD, and John Doe, Clerk of the State's Attorney's Office of St. Mary's County, MD and *not* the State's Attorney's Office for St. Mary's County, the Circuit Court for St. Mary's County, John Doe, Investigator and/or Administrator for the State's Attorney's Office for St. Mary's County, Mr. Miller and/or Mr. O'Neill;

9. The Clerk SHALL SEND a copy of this Order to Plaintiff.


                                                   /S/
                                      Paul W. Grimm
                                      United States District Judge