IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES CLAIR, | * | |
| PLAINTIFF, | * | |
| v. | * | CIVIL ACTION NO. PWG-14-713 |
| JOHN DOE, CLERK OF THE STATES ATTORNEY'S OFFICE OF ST. MARY'S COUNTY, MD, and | * * | |
| JOHN DOE, CLERK OF CIRCUIT COURT OF ST. MARY'S COUNTY, MD, | * * | |
| DEFENDANTS. | * | |

*****

## MEMORANDUM AND ORDER

Plaintiff Charles Clair originally filed this 42 U.S.C. § 1983 action against two attorneys and the State's Attorney's Office and Circuit Court for St. Mary's County, Maryland, claiming, *inter alia*, that the defendants withheld exculpatory evidence. ECF No. 1. I dismissed the case, observing that *Heck v. Humphrey*, 512 U.S. 477 (1997), appeared to bar Plaintiff's § 1983 claims and that, in any event, he had not named any defendants against whom he could state a claim. May 21, 2014 Mem. 3, ECF No. 4. Plaintiff moved for reconsideration and to amend, identifying new defendants, adding factual allegations, and insisting that "'Heck' is not applicable here [because he is] not in custody, [his] sentence cannot be shortened, [and therefore] 'Heck[,]' is not [sic] circumvented"; he also asserted that the defendants he named could be liable under § 1983. Mot. for Recons. 4–8, 12, ECF No. 5; Mot. to Am. 1, ECF No. 11. I denied the motions as to the original defendants but allowed Plaintiff to amend to name John Doe, Clerk of Circuit Court of St. Mary's County, MD, and John Doe, Clerk of the State's Attorney's Office of St. Mary's County, MD as defendants. Jan. 22, 2015 Mem. & Order, ECF No. 14. I held that, in

the proposed amended complaint, ECF No. 12, and the motion that accompanied it, Plaintiff alleged, "for the first time, information that significantly calls into question whether *Heck* precludes his claims," and "if not immune to suit, [the newly-named defendants] might be proper defendants under § 1983." Jan. 22, 2015 Mem. & Order 3.

Plaintiff filed his Amended Complaint, ECF No. 16, and served the two remaining defendants, ECF No. 20. Defendants moved to dismiss, arguing, *inter alia*, that *Heck* bars Plaintiff's suit because Plaintiff had, but did not take, the opportunity to seek habeas relief while in state custody. ECF No. 25.[1] Because *Heck* does indeed bar Plaintiff's § 1983 action, I will grant Defendants' motion.[2]

In *Heck*, the Supreme Court considered the viability of § 1983 actions alleging constitutional violations and/or other improprieties in connection with state criminal charges. 512 U.S. at 486–87. It held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

---

[1] The parties fully briefed the motion. ECF Nos. 25-2, 28, 29, 31-1. A hearing is not necessary. *See* Loc. R. 105.6. Plaintiff filed a Motion to File a Surreply and proposed Surreply, ECF No. 31, as well as two supplements to the Surreply, which he did not seek permission to file, ECF Nos. 32 and 34. I have considered Plaintiff's proposed Surreply, and it is accepted as filed, but I will disregard the two supplements. *See* Loc. R. 105.2(a) ("Unless otherwise ordered by the Court, Surreply memoranda are not permitted to be filed."). In any event, consideration of all of Plaintiff's filings would not change the outcome of this Memorandum.

[2] Because *Heck*'s application is dispositive, I need not reach Defendants' alternative grounds for dismissal.

already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* (footnotes removed) (emphasis in original).

I observed in my initial Memorandum:

Plaintiff appears to challenge his conviction in the case of *State v. Clair*, Criminal No. 18K01000065 (Circuit Court for St. Mary's County, Maryland). In that case, Plaintiff entered a guilty plea to one count of third-degree sex offense and was sentenced in January of 2003 to ten years in the Division of Correction, six years suspended, with five years of probation. *See* http://casesearch.courts.state.md.us/inquiry. The conviction was not overturned. Given that Plaintiff seeks to prove that his conviction was illegal, *see* Compl. 1–13 & 19–24, such that "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction," it appears that *Heck* would bar Plaintiff's § 1983 action in this Court. *See Heck*, 512 U.S. at 486–87.

May 21, 2014 Mem. 3.

As noted, Plaintiff's proposed amended complaint suggested the viability of Plaintiff's § 1983 claims, despite *Heck*. In Plaintiff's view, *Heck* is not a bar because his sentence has expired, rendering him habeas-ineligible. He cites *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), in which the Fourth Circuit held that *Heck* does not bar a § 1983 action where "a prisoner could not, as a practical matter, seek habeas relief." *Wilson*, 535 F.3d at 268. It is true that, if a claimant who is no longer in custody "was unable to pursue habeas relief because of insufficient time or some other barrier, then *Heck* is wholly inapplicable to [his] § 1983 . . . claims." *Covey v. Assessor of Ohio Cnty.*, 777 F.3d 186, 198 (4th Cir. 2015).

Defendants counter that the *Wilson* exception does not apply and "Mr. Clair's claim is barred by *Heck's* favorable termination requirement" nonetheless, "because he 'could have practicably sought habeas relief while in custody.'" Defs.' Mem. 7 (quoting *Covey*, 777 F.3d at 197). Indeed, in *Heck*, the Supreme Court stated that "the principle barring collateral attacks . . .

is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." 512 U.S. at 490 n.10. Rather, *Heck* bars a § 1983 claim "brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless *could have practicably sought habeas relief while in custody*." *Covey*, 777 F.3d at 197 (emphasis added) (citing *Wilson*, 535 F.3d at 267–68; *Bishop v. Cnty. of Macon*, 484 F. App'x 753, 755 (4th Cir. 2012) (per curiam)). In its most recent analysis of the contours of the *Wilson* exception to *Heck*, the Fourth Circuit held that "[a] would-be plaintiff who is no longer in custody may bring a § 1983 claim undermining the validity of a prior conviction *only if he lacked access to federal habeas corpus while in custody*." *Griffin v. Balt. Police Dep't*, 804 F.3d 692, 697 (4th Cir. 2015) (emphasis added).

In *Griffin*, the claimant spent thirty years in custody and "actually did bring a federal habeas petition during his time in custody," the filing of which "demonstrate[d] that the concern animating *Wilson* and *Covey* [where the claimants disputed being in custody for three months and a little more than a year, respectively]—that a citizen unconstitutionally punished might lack an opportunity for federal redress if kept in custody for only a short period of time—[wa]s absent." 804 F.3d at 697. Additionally, after filing for habeas relief, Griffin "receive[d] actual notice of possible official misconduct," but failed to file a second petition, even though he spent a subsequent sixteen months in custody. *Id.* The court observed:

> In declining to except *Brady* claims from the rule in *Heck v. Humphrey, Skinner*, 562 U.S. at 536–37, 131 S. Ct. 1289, the Supreme Court recognized that the adversary process does not as a rule require a potential respondent to give notice to a potential petitioner of every claim, meritorious or otherwise, that the petitioner may possess. Griffin knew of possible police misconduct by, at the latest, August 4, 2011, the date of his evidentiary hearing in the Baltimore City Circuit Court. His custody did not terminate until over sixteen months later, on December 19, 2012. Griffin [did not] file his petition during those sixteen months.

*Griffin*, 804 F.3d at 697. The Fourth Circuit concluded that Griffin "identified no impediment to habeas access warranting an expansion of the *Heck* exception," especially given that "to dissolve the *Heck* bar for a damages suit some thirty years after a still-valid conviction for a plaintiff who not only could but did file a federal habeas petition would permit the *Heck* exception to swallow the rule." *Id.*

As the *Griffin* Court noted, *Wilson* presented a different scenario in which the claimant "could not, as a practical matter, seek habeas relief." 535 F.3d at 268. Toward the end of Wilson's twelve months imprisonment (with six months suspended for time served), the Virginia Department of Corrections ("VDOC") postponed his release date by three months. *Id.* at 263. Wilson filed administrative grievances to challenge the additional confinement, but "[t]he VDOC did not initiate any formal administrative proceedings" before releasing him. *Id.* at 263–64. Consequently, although "filing a petition for habeas corpus was theoretically possible, . . . complying with habeas' administrative exhaustion requirement during the additional confinement was impossible." *Id.* at 268 n.8. As a result, Wilson would have been "left without any access to federal court if his § 1983 claim was barred." *Id.* at 268.

In *Covey*, "Mr. Covey pleaded guilty on March 30, 2010, and was thereafter sentenced to home confinement for a period of not less than one year and no more than five years." 777 F.3d at 198. He and his wife filed a § 1983 action "on October 20, 2011, after Mr. Covey completed his term of home confinement." *Id.* Because it was "unclear whether Mr. Covey actually pursued or was practicably able to pursue habeas relief for his conviction, the Fourth Circuit "le[ft] it to the district court on remand to decide at summary judgment whether *Heck* bars any of Mr. Covey's claims." *Id.* (emphasis removed).

Here, unlike in *Wilson* where the claimant simply lacked time to file a proper habeas petition (by first exhausting his administrative remedies), and unlike in *Covey* where the court could not determine on the record before it whether Covey could have sought habeas relief, it is evident that Clair could have sought habeas relief while in custody.  An individual, like Clair, who is "in custody pursuant to the judgment of a State court," may apply for habeas relief within one year from whichever of the following dates is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  If the petitioner seeks state post-conviction relief or other collateral review, the statute of limitations is tolled while that application is pending.  *See* 28 U.S.C. § 2244(d)(2).

It is undisputed that the state court sentenced Clair on January 28, 2003 to ten years of incarceration, with all but four years suspended, and five years of supervised probation upon release, and he did not appeal.  *See* Defs.' Mem. 3. Clair moved to modify his sentence, and the state court denied that motion on November 21, 2003.  *Id.*  But Clair insists that that the limitations period did not begin until January 2007, when he allegedly first learned of the purported withholding of exculpatory evidence—the factual predicate of his claim—in his state post-conviction proceedings. Am. Compl. 6.  I accept *arguendo* that the limitations period began in January 2007.

It is true that in 2007, Clair already had been released from prison, as he was released on April 18, 2005. *See* Defs.' Mem. 4. Yet he remained "in custody" on supervision probation until July 21, 2010. *Id.*; *see Minnesota v. Murphy*, 465 U.S. 420, 430 (1984) (noting in dicta that individual on probation "would be regarded as 'in custody' for purposes of federal habeas corpus"); *Olson v. Hart*, 965 F.2d 940, 942–43 (10th Cir. 1992) ("Probationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief."), *superseded by statute on other grounds as stated in Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011); *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984) ("The custody provision [of the federal habeas corpus statute] does not require incarceration or other actual, physical restraint of a person. *See Jones v. Cunningham,* 371 U.S. 236, 241–43 (1963) (parolee is in custody); *Helm v. Jago,* 588 F.2d 1180, 1181 (6th Cir. 1979) (probationer is in custody); *United States v. Hopkins,* 517 F.2d 420, 423–24 (3d Cir. 1975) (person serving suspended sentence is in custody)."). Thus, even if Clair did not learn—and could not have learned—about the alleged withholding of exculpatory evidence until January 2007, as he claims, he still would have had until July 2010 to seek habeas relief while in custody. *See Murphy*, 465 U.S. at 430. This means that, by January 2007, Clair, like Griffin, "receive[d] actual notice of possible official misconduct," but failed to file a habeas petition, even though he remained in custody long enough to do so. *See Griffin*, 804 F.3d at 697. Because Clair spent more than three years "in custody" on supervised probation after learning of the factual predicate for the relief he seeks, but did not file a habeas petition during that time, even though he has not alleged any impediment to doing so, *Heck* bars this suit. *See Heck*, 512 U.S. at 486–87; *Griffin*, 804 F.3d at 697; *Covey*, 777 F.3d at 197–98; *Wilson*, 535 F.3d at 267–68.

## **ORDER**

Accordingly, it is, this 1st day of February, 2016, hereby ORDERED that

1. Plaintiff's Motion to File a Surreply, ECF No. 31, IS GRANTED;

2. Defendants' Motion to Dismiss, ECF No. 25, IS GRANTED;

3. The Clerk SHALL CLOSE this case; and

4. The Clerk SHALL MAIL a copy of the Memorandum and Order to Plaintiff.


/S/
Paul W. Grimm
United States District Judge